EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY, plaintiff in error, *vs.* WILLIS M. DUGGAN, defendant in error.

On the trial of a suit against a railroad company for damages to the plaintiff (who was an employee of the company) caused by the negligence of his co-employees, it was error in the court to permit the plaintiff to testify before the jury, that an assistant supervisor had told him, after the injury was done, that the company felt itself under obligations to support him and his family during his life.

Railroads.　Evidence.　Principal and agent.　Before Judge UNDERWOOD.　Whitfield Superior Court.　October Term, 1873.

Duggan brought complaint against the East Tennessee, Virginia and Georgia Railroad Company for $15,000 00 damages, alleged to have been sustained by him on November 14th, 1871, when an employee of said defendant, through the negligence of his co-employees.　The defendant pleaded the general issue.

In the course of the trial the plaintiff was permitted to testify, over the objection of the defendant, that Smith, an assistant supervisor of the defendant, told him that the company felt it their duty to support him and his family during life.

It appeared from the evidence that this conversation took place when the plaintiff had sufficiently recovered from his injuries to apply for some light job.

The jury found for the plaintiff $1,254 00.　The defendant moved for a new trial upon the ground, amongst others,

of error in the aforesaid admission of testimony. The motion was overruled, and defendant excepted.

SHUMATE & WILLIAMSON; D. A. WALKER; R. J. MC-CAMY, for plaintiff in error.

W. K. MOORE; JESSE GLENN, for defendant.

McCAY, Judge.

Had it been proven on the part of the railroad company, that this hitching of the dirt car to the rear of the train, to the imminent peril of every life engaged in the enterprise, was contrary to custom and contrary to orders, we should have granted a new trial on the ground that the plaintiff was injured in consequence of his own negligence. An employee is, by the express terms of the Code, section 3036, only entitled to recover for damage caused by the negligence of another employee, in the running of cars, when the injured employee is without fault himself. The doctrine of contributory negligence laid down in section 2972 and 3024 of the Code does not apply to such cases. We may say that in our judgment, this section, 3036, was not repealed by the act of 1869 repealing the act of 1856. The act of 1856 had been repealed or superseded by the act of 1860, adopting the Code, as well as by the adoption of the Code by the constitution of 1868.

As we have said, had the railroad company made the proof indicated we should have granted a new trial on the ground that the evidence conclusively showed the plaintiff to have been guilty of negligence. He should have refused to disobey the known rules of the road. He was an old hand, and if such was the rule, he will be presumed to have known it. The act was so reckless an one that we are almost ready to take it for granted that it was contrary to orders or to custom, but as it appears to have been done before, we may err in thinking it was either unusual or contrary to the rules provided for managing dirt cars. In any event, even without this, the verdict is barely supportable and we the more cheerfully grant the

new trial, for the reason that illegal evidence was introduced over the objection of the plaintiff in error.

The statement of the supervisor that the company felt it to be its duty to support the plaintiff for life, was a statement that might very well have led the jury to think that the company was conscious the plaintiff was not in fault and that its other employees were. No authority is shown for any such statement. It was not within the natural scope of the agent's employment, nor was it if it were, a part of the *res gestœ*. At best it is the mere admission of an agent not in the actual execution of his duty and was inadmissible: Code, 3787, 2206.

A railroad company, though it be a corporation wealthy and powerful, has rights before the courts which the conscience of judges is bound to respect, and we greatly fear that the reproach cast by some upon juries in their dealings with corporations has too much foundation. We are grieved to make this admission. The trial by jury is the pride of our country, and this court has always defended and lauded it. Let us take care, and let the juries take care, that in their desire to protect the weak against the strong they do not forget that unfairness and injustice are without excuse even when the victim is strong; that even the devil is entitled to his due, and that a juror who fails wilfully to give it, violates his oath.

Judgment reversed.