SOUTHERN RAILWAY CO. *v.* KINCHEN & CO.

1. As declarations made by a shipping-agent of a railroad company, to the effect that certain goods had been delivered at the point of destination, are not within the scope of such an agent's employment and relate to a past transaction, they are not admissible in evidence against the company. The more especially is this true when it is apparent that the agent's information as to the matter of delivery must necessarily have been derived from hearsay.

2. Requiring counsel for a party to produce at a trial papers of his client alleged, but not shown, to be in his possession, whether the order directing him to do so was or was not properly granted, would not be cause for

a new trial, when all of the evidence thus produced was excluded, except a portion thereof to the introduction of which no objection was made.

3. The undisclosed intention or purpose of a party in taking an acceptance of a draft is not admissible in evidence to bind or affect the rights of another.

4. Though goods may have been shipped upon a bill of lading the production of which was, by its terms, essential to a lawful delivery of the goods to the person for whom they were intended, the purpose being that this person should pay for the goods before obtaining possession of them, yet where the consignor, after receiving information that the goods had in fact been delivered without the production of the bill of lading, and knowing that payment had not been made, drew a draft, payable thirty days after its date, upon the other party, took an acceptance thereof, and undertook its collection through a bank, this, though the collection was not in fact made, was such an abandonment of the original purpose of requiring payment on delivery, and such a ratification of the delivery if actually made, as would relieve the carrier from liability for having made delivery without requiring the surrender of the bill of lading.

5. Excluding the illegal evidence which was improperly admitted, there was no proof authorizing a finding that the defendant had really delivered the goods in controversy without the presentation of the bill of lading; and therefore the verdict in the present case was contrary to the evidence.

Submitted October 25, — Decided November 30, 1897.

Action for damages.    Before Judge Smith.    Telfair superior court.    April term, 1897.

R. L. Kinchen & Company sued the railway company for damages on account of an alleged wrongful delivery to the J. C. Wilson Coal & Lumber Company of a car of shingles received by the defendant from the plaintiffs at Scotland, Georgia, for shipment to Jellico, Tennessee; the plaintiffs alleging that the shingles were shipped with "order to notify" the J. C. Wilson Coal & Lumber Company, and were not to be delivered by the defendant except upon receipt of the bill of lading, but that it delivered them without the bill of lading; in consequence of which the plaintiffs were not able to collect any money for them. The defendant denied that there was a wrongful delivery; and set up that the plaintiffs ratified the delivery and waived any liability on the part of the defendant on account of the same, by accepting the note or obligation of the J. C. Wilson Coal & Lumber Company for the shingles.    There was a verdict for the plaintiffs.    A motion for new trial was overruled, and defendant excepted.    The substance of the grounds of the motion will appear from the opinion.

*DeLacy & Bishop*, for plaintiff in error.

Fish, J. 1. The court permitted R. L. Kinchen to testify, over the objection of the defendant's counsel, that L. S. Coley, the station-agent of the defendant at Scotland, Ga., told the witness, about two or three weeks after the car-load of shingles had been shipped from Scotland, that he, Coley, had wired the agent of the defendant at Jellico, Tenn., and that the shingles had been delivered to the J. C. Wilson Coal & Lumber Co. The objections urged to this testimony were, that such declarations of Coley were not made within the scope of his duties, were no part of the transaction of shipping the shingles, and, being made so long after the shipment, were mere hearsay. We think the objection should have been sustained and the testimony excluded. Coley was the shipping-agent of the defendant at Scotland, Ga., and testified that he had no personal knowledge of the disposition made of the shingles after they were shipped. There was no evidence tending to show that he had anything whatever to do with their delivery at Jellico, and from the nature of his business it is manifest that such delivery was entirely beyond the scope of his duties. "The sayings of the agents of a railroad company are admissible and will bind the company, only when made in the particular business intrusted to them, and while engaged in that business." *Evans* v. *A. & W. P. Railroad Co.*, 56 *Ga.* 498; *Johnson* v. *East T. Railway Co.*, 90 *Ga.* 810. See also Civil Code, §§ 5192, 3034; *East Tenn. Railroad Co.* v. *Duggan*, 51 *Ga.* 212; *Hematite Mining Co.* v. *East Tenn. Railway Co.*, 92 *Ga.* 268. More especially were such declarations inadmissible when it was apparent that Coley's information as to the matter of the delivery of the shingles must necessarily have been derived from hearsay. Kinchen testified that Coley said he had wired to the agent at Jellico, and that the shingles had been delivered. It is evident such testimony was objectionable as being remote hearsay.

2. The granting of the order by the court directing defendant's counsel to produce the papers of their client at the trial was not cause for a new trial, because, whether such order was properly granted or not, the plaintiffs only offered in evidence, of the papers thus produced, one letter; and all of that was ex-

cluded except so much of it as was admitted without objection. Therefore the defendant was not hurt by such ruling.

3. The testimony of Kinchen to the effect that he did not relieve or intend to relieve the railroad company by taking the acceptance of the J. C. Wilson Coal & Lumber Co., for the value of the shingles, was not admissible. The legal effect of the taking of such acceptance by the plaintiffs was a conclusion of law for the court's determination, and a matter about which the opinion of the witness was not competent evidence. Nor could the undisclosed intention or purpose of Kinchen in taking such acceptance bind or affect the rights of the defendant company.

4. The railroad company, in its plea, denied that it had wrongfully delivered the shingles to the Wilson Coal & Lumber Co., but alleged that if any such delivery had been made, the plaintiffs had ratified it, and discharged the defendant from liability on account thereof, by taking the acceptance of the Wilson Coal & Lumber Co., for the value of the shingles. Upon this subject the court charged the jury as follows: "I charge you that if you believe from the evidence that the plaintiffs delivered to the defendant at Scotland, in this county, a car-load of shingles to be shipped to J. C. Wilson Coal & Lumber Co., Jellico, Tennessee, under a contract that the railroad company was not to deliver them except on the delivery of the bill of lading by the consignee to the railroad company, and that the railroad company failed to carry out their contract and delivered the car of shingles to the consignee without the bill of lading, then I charge you they would be liable, provided you should believe the plaintiffs have never been able to collect the amount out of the consignees, J. C. Wilson Coal & Lumber Co." Plaintiff in error contends that, under its plea and the evidence in the case, the court erred in charging that the railroad company would be liable, under the circumstances named, provided the plaintiffs had never collected the value of the shingles from the Wilson Coal & Lumber Co. If by the terms of the bill of lading the shingles were to be delivered to the Wilson Coal & Lumber Co. only upon the production of the bill of lading, the purpose being that such company should

pay for the shingles before obtaining possession of them, and if the railroad company delivered them to the Wilson Coal & Lumber Co. without the presentation of the bill of lading, then there was a conversion of the shingles by the railroad company, for which it would ordinarily be liable; but if the plaintiffs, the consignors, after receiving information that the railroad company had in fact delivered the shingles to the Wilson Coal & Lumber Co. without the production of the bill of lading, and knowing that payment had not been made for them, drew a draft for the value of the shingles, payable thirty days after date, upon the J. C. Wilson Coal & Lumber Co., and, after the acceptance of such draft by the drawee, plaintiffs undertook its collection through a bank, this, although the collection was not made, was such an abandonment of the original purpose of requiring payment on delivery, and such a ratification of the delivery, if it had actually been made, as would relieve the railroad company from liability for having made delivery without requiring the surrender of the bill of lading. Such a transaction was equivalent to a sale of the shingles by the plaintiffs to the Wilson Coal & Lumber Co., on a credit of thirty days, with note of the latter for the purchase-money. The title to the shingles passed to the Wilson Coal & Lumber Co. by such sale, and subsequently thereto the plaintiffs had no right of recovery against the railroad company for their conversion.

5. Excluding the alleged declarations of Coley, the railroad company's agent at Scotland, which, as we have seen, were improperly admitted, there was no proof whatever authorizing a finding that the defendant had really delivered the shingles to the Wilson Coal & Lumber Co. without the presentation of the bill of lading; and therefore the verdict was contrary to the evidence. *Judgment reversed. All the Justices concurring.*