## BULLARD *et al. v.* BANK OF MADISON.

Where a planter sold cotton "on cash sale," and the purchaser, without paying for the same, sold it to another, and the planter, with full knowledge of such conversion, took from the person to whom he had sold the cotton for cash his note covering the value of the cotton converted, this was such an abandonment of the cash sale, and such a ratification of the disposition which had been made of the cotton, as released the original purchaser and all who claimed under him from liability for any conversion of which they may have been guilty.

Argued May 6, — Decided June 2, 1899.

Trover: Before Judge Hart. Morgan superior court. September term, 1898.

. *Q. L. Williford, Fleming Jordan* and *George & George,* for plaintiffs. *Foster & Butler,* for defendant.

Fish, J. Plaintiffs brought trover for certain cotton against the Bank of Madison. The evidence for the plaintiffs was to the effect that they were planters and sold the cotton to Tweedy at a given price, "on cash sale"; that he, without paying for the same, sold it and drew a draft on the purchaser for the price thereof, payable to the bank; that he delivered to the bank

this draft with a bill of lading for the cotton attached, the draft having been indorsed by him to the bank; that the bank collected the draft and credited him with the proceeds thereof; that after the plaintiffs ascertained that Tweedy had sold the cotton they took from him certain notes and mortgages to cover all he owed them, including the indebtedness for this cotton. A nonsuit was granted, and the plaintiffs excepted. From the view we take of the case, it is unnecessary to determine whether the evidence was sufficient to authorize a finding that the bank had converted the cotton. For while, under § 3546 of the Civil Code, the cotton, under the cash sale, did not become the property of Tweedy, by reason of his failure to pay for it, yet when the plaintiffs, with full knowledge that he had converted it to his own use, subsequently took his notes, secured by mortgages, to cover what he owed them for it, this was such an abandonment of the sale for cash, and such a ratification of his disposition of the cotton, as relieved him and all claiming under him from liability for any conversion of which they may have been guilty. This last contract really amounted to a sale on credit to Tweedy, passing the title to him and, through him, to all who held under him. *Southern Ry. Co.* v. *Kinchen & Co.*, 103 *Ga.* 186. There was no error in granting the nonsuit. *Judgment affirmed. All the Justices concurring.*