11784, 11785. ATLAS ASSURANCE COMPANY LIMITED *v.* FIRST NATIONAL BANK OF BARNESVILLE; and *vice versa.*

STEPHENS, J. 1. Where one executes a promissory note or a bill of exchange in his own name with a descriptive suffix, such as "general agent," attached to his signature, and where it does not appear on the face of the instrument that he is acting for or in behalf of any one as principal, the instrument is presumably his individual obligation, and before any one can be held liable thereon as principal it must affirmatively appear that at the time of the execution of the instrument it was the intention of the parties to bind a particular person as principal, and that the maker, in executing the instrument, had authority to act as agent for, and to bind such person as, the principal. *Burkhalter* v. *Perry,* 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343).

2. Where a bill of exchange was drawn by "Oswald G. Boyle, general agent," on the "Atlas Assurance Co., Ltd., of London, England," and the latter had not accepted it, even though it was the intention of the parties at the time to bind the drawee as principal, the latter can not be held liable as principal, even though it appear that the maker was at the time of the execution of the instrument the general agent of the drawee, in the absence of proof that he was authorized to draw the instrument, or that he had authority so to do under his powers and duties as general agent.

3. This being a suit by the transferee of a bill of exchange against the

drawee, and it not appearing from the petition and the copy of the bill of exchange attached thereto that the drawee had accepted the bill of exchange, and there being in the petition nothing that indicates that the plaintiff is seeking to hold the drawee liable upon the theory that the maker, in executing the bill of exchange, acted as the agent of the drawee, the court erred in not sustaining the defendant's motion in the nature of a general demurrer to dismiss the plaintiff's case; and since the verdict rendered for the plaintiff was without evidence to support it, under the rulings in paragraphs 1 and 2 above, the court erred also in overruling the defendant's motion for a new trial.

4. It appearing, from a recital in the bill of exceptions, that the defendant in the court below filed its motion for a new trial "on June 10th, 1920, and during the March term of the city court," and it not appearing anywhere from the record that such date was in vacation, this court can not hold that the trial judge erred in overruling the respondent's motion to dismiss the motion for a new trial upon the ground that it was filed in vacation.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Complaint; from city court of Zebulon — Judge Dupree. July 9, 1920.

*Smith, Hammond & Smith,* for Atlas Insurance Co.
*Redding & Lester,* contra.