## 51334. OXFORD BUILDING SERVICES v. GRESHAM.

EVANS, Judge.

Oxford Building Services, Inc. operates a janitorial service, and engages in cleaning commercial buildings. Oxford contracted with William J. Gresham, d/b/a Gresham Realty, to clean certain buildings. Gresham at no time advised Oxford that Gresham was not the principal and owner of the buildings, and contracted as if he were such principal and owner. Oxford cleaned the buildings under said contract for at least two years, and rendered bills for such services and said bills were paid by Gresham.

But then Gresham got behind in his payments for such cleaning services to the extent of $7,000, and Oxford filed suit against Gresham to recover said sum.

Gresham defended and contended that he was not the owner of the buildings, but merely an agent of the owner, and that as such agent, he was not liable for his principal's default in a contractual matter. Oxford, plaintiff, won the first round, a jury verdict being returned in his favor; but Gresham, defendant, filed a motion for new trial which was granted and on the second trial the verdict was rendered in favor of defendant, Gresham. Oxford filed motion for new trial and for judgment notwithstanding the verdict, both of which were denied, and Oxford appeals. *Held:*

1. At the outset, we deem it advisable to set forth a certain situation in which the agent is individually liable. If the agent does not disclose to the other party his principal, then the agent is personally liable and responsible. *Atlas Assurance Co. v. First Nat. Bank,* 27 Ga. App. 372 (108 SE 474); *Kenney v. Walden,* 28 Ga. App. 810 (113 SE 61); *Chambliss v. Hall,* 113 Ga. App. 96 (147 SE2d 334).

2. We shall not deal with the enumerations of error in exact sequence because of the arrangement of same. But we find no error in Enumerations 9 and 10, which contend that directed verdict and motion for judgment notwithstanding the verdict should have been granted. There was conflicting evidence in some areas, and one

matter the jury must determine is whether the plaintiff, Oxford, should and could have learned that defendant was acting as an agent for another, even though defendant Gresham did not disclose the agency. It is quite plain from the evidence that defendant himself *did not disclose to plaintiff his agency.*

3. As to enumeration number 6, the trial court erred in not giving in charge to the jury the written request by plaintiff as to the implied promise to pay for valuable services by one who receives them. The trial court likewise erred in not giving in charge the request to charge the jury as set forth in enumeration number 5, along the same lines as in number 6.

4. Enumeration number 8 contends the trial judge erred in charging the jury the law as provided in Code Ann. § 4-304. This was error because there was no evidence that the agent ever disclosed the name of the principal; and the agent never did profess to act for such principal.

5. Enumeration of error number 7 is without merit. It simply complains that the court erred in accepting the verdict which was without evidence to support it. This complaint is made in the general grounds of motion for new trial, and is without merit. We leave it for the jury to determine whether the plaintiff, Oxford, learned of the agency through some source other than the defendant, and the effect of such information if it was obtained.

6. Enumerations of error numbers 1, 2, 3, 4, and 5 all complain because of the trial court's failure to give in charge to the jury written requests to the effect that where an agent deals with another, for a principal, but does not disclose that he is agent, or that he is acting for a principal, the agent himself is individually liable. These requests set forth the law correctly, there was evidence upon which to base same, and it was error not to give such requests in charge. Defendant argues that it would have been erroneous to repetitively charge the same principle over and over again. We do not reach that point. The trial judge did not make that objection. He did not charge a single one of these requests, and he could not have refused to charge one or two of them, upon the ground that there were several others almost identical that he

was requested to charge.

This case is reversed for the reasons given above and a new trial is ordered.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 6, 1975.

*Heyman & Sizemore, Gerald M. Edenfield, Patrick L. Swindall,* for appellant.

*A. Ed Lane, Robert J. NeSmith,* for appellee.