### 51220. MARTIN BURKS CHEVROLET, INC. v. McMICHEN.

BELL, Chief Judge.

In this suit for damages based on fraudulent misrepresentation which arose out of the purchase of a used automobile, plaintiff obtained a judgment on a jury verdict.

Plaintiff's complaint alleged: "That the defendant made false representations to Plaintiff concerning the

mileage and manufacturer's warranty on said vehicle; that the defendant knew said representations were false; that said representations were made for the purpose of deceiving Plaintiff and to keep him from exercising his own judgment in signing Exhibit 'A' [sales contract]; that Plaintiff relied on and was deceived by said misrepresentations; and Plaintiff has suffered loss and damage as a result thereof." At trial, the plaintiff established that he negotiated for the purchase of an automobile with a salesman of defendant. At the time, the odometer on the car reflected that it had been driven 26,109 miles and according to plaintiff's testimony the salesman represented to him that the car was still covered by the manufacturer's five year, 50,000 mile warranty. It was also shown by plaintiff's testimony that he gave the salesman a $25 check in payment of the charge for transferring the warranty. After the purchase of the automobile the transmission required repairs. Plaintiff demanded that the car be repaired pursuant to the manufacturer's warranty and was refused. After this demand and refusal, the check for $25 was returned to plaintiff. Plaintiff established that the car in fact had been driven more than 50,000 miles which invalidated the warranty and that the odometer reading had been turned to show that the car had been driven only 26,000 miles. The sales contract, which plaintiff admitted he freely and voluntarily signed, specifically states that "... Purchaser agrees that this order includes all of the terms and conditions on both the face and reverse sides hereof ... 2. Verbal promises by salesman are not valid. Any promises or understandings not herein specified in writing are hereby expressly waived by the Buyer. . . 10. It is expressly agreed that there are no warranties, express or implied, made either by the Dealer or the manufacturer on the motor vehicle, chassis, parts or accessories furnished hereunder, unless a separate written warranty is given by the Dealer to the Buyer at the time of sale. This applies to new motor vehicles as well as used motor vehicles. The Buyer must have a written guarantee in his possession to secure an adjustment. . . 11. In case the motor vehicle covered by this Order is a used motor vehicle, no warranty or representation is made by the

Dealer as to the extent such motor vehicle has been used, regardless of the mileage shown on the speedometer of said used motor vehicle. . .” Other provisions in the contract were cumulative to these quoted in importing that there was absolutely no warranty as to mileage on the vehicle or as to the manufacturer's warranty.

At the conclusion of the evidence the defendant moved for a directed verdict which was denied. After a judgment was entered on the jury verdict he moved for a judgment notwithstanding the verdict, which was denied. *Held:*

To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176). Here plaintiff's case is based on the mileage indicated on the car and on the salesman's oral representations of the continuing applicability of the manufacturer's warranty. But the proof demands the finding that plaintiff freely and voluntarily signed the contract of sale which expressly stated that the prior oral promises by the salesman were not valid; and that there was no warranty as to the extent of use of the vehicle regardless of the mileage shown nor any other warranty, express or implied. In order for plaintiff to show the fourth essential element for recovery, that he relied on defendant's representations, he would have to prove that his signature to the contract was obtained by fraudulent artifice of defendant which prevented the plaintiff from exercising his own judgment in affixing his signature to the contract. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, supra; *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288). This he has failed to do.

The evidence demands a verdict for defendant. It was error to deny the motion for judgment notwithstanding the verdict. We reverse and direct that the motion be granted.

*Judgment reversed with direction. Webb and Marshall, JJ., concur.*

Submitted October 6, 1975 — Decided November 18, 1975 — Rehearing denied December 3, 1975.

*Albert B. Wallace,* for appellant.
*Kirby G. Bailey,* for appellee.