60576. MALOY v. EWING et al.

SHULMAN, Presiding Judge.

Plaintiff-contractors brought suit in quantum meruit for services rendered in the installation of plumbing equipment in a photographic lab. Defendant brings this appeal from a judgment based on a jury verdict of $4,800 for plaintiffs. We affirm.

1. Plaintiffs alleged that they were contacted by a Mr. Howard Petty (ostensibly an agent for defendant) concerning the installation of plumbing in a photographic lab; that Mr. Petty informed plaintiffs that he was authorized by his "boss" (Mr. Maloy, the defendant) to hire plaintiffs; that plaintiffs were unaware that the lab was owned by a corporation; and that at all times defendant Maloy held himself out as the apparent principal for whom the work was contracted. It was plaintiffs' contention that as an agent for an undisclosed principal (see, e.g., *Oxford Bldg. Svcs. v. Gresham,* 136 Ga. App. 460 (221 SE2d 667)) defendant was liable in quantum meruit for the value of the services rendered by plaintiffs. Defendant submits that the evidence did not support the trial court's denial of his motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial. We disagree.

Defendant's conduct in giving his instruction on the placement and installment of the equipment; the statements and actions of Mr. Petty implying defendant's principal status; and both the

defendant's and Mr. Petty's admissions that neither had informed plaintiffs that the defendant was acting as the agent of a corporation in negotiating the parties' contract, authorized the jury's finding of an undisclosed agency. See, e.g., *Oxford Bldg. Svcs.,* supra.

2. Moreover, contrary to appellant's contention, there was sufficient evidence to warrant the jury's apparent determination that Mr. Petty was an agent for defendant. Thus, the trial court's charge referring to a principal's estoppel "to deny his agent's acts within the apparent scope of his authority" was a proper charge applicable to the facts in evidence. See Code Ann. § 4-302. See, e.g., *Pascoe Steel Corp. v. Lynwood Strickland, Inc.,* 151 Ga. App. 114 (258 SE2d 767).

3. On the other hand, since plaintiffs' theory of recovery was premised on defendant's liability as agent for an undisclosed principal, and not as the sole owner and beneficiary of the services performed, defendant's request to charge on the failure to join an indispensable party (i.e., the corporation for whom defendant claimed to be acting as agent in contracting for the installation of plumbing) was inapplicable to the facts and properly refused by the court.

4. In two enumerations of error, defendant complains that he should have been granted a directed verdict or a judgment notwithstanding the verdict because the evidence would not support a verdict in quantum meruit. Both enumerations of error are supported by the same two arguments, neither of which is meritorious.

First, citing *Bowen v. Ken-Mar Const. Co.,* 145 Ga. App. 708 (244 SE2d 646), defendant asserts that plaintiffs' evidence showed only the cost of producing the work, not the value of the work done. However, the record contains many details of the work done, the cost of doing the work, and the cost of the materials. There are pictures in the record of the work done by plaintiffs. Under those circumstances, we are satisfied that plaintiffs supplied the jury with sufficient data from which the value of the work done by plaintiffs could be deduced. Defendant was not entitled to judgment on that basis.

The second argument advanced by defendant is that the evidence did not show that defendant, as opposed to the corporation he claims is liable, benefited from the plaintiffs' work. This argument is also refuted by the record. There is testimony that defendant owns a controlling interest in the corporation he asserts was the recipient of the services rendered by plaintiffs. Furthermore, defendant testified that he controlled the expenditures of that corporation. Under those circumstances, the jury was entitled to infer that the work done by plaintiffs was of benefit to the defendant personally.

5. Nor do we agree that there was no evidence to support the

amount of the verdict, $4,800. There was evidence unobjected to at trial that the cost of certain materials purchased by plaintiffs and the cost of labor to install them in the lab was $4,000, and that, additionally, a water heater with an estimated cost of $1,050 was installed by plaintiffs. Since the total of these amounts is in excess of the jury's award of $4,800, the jury's award was neither excessive nor unauthorized by the evidence.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981.

*L. C. Crietzberg,* for appellant.
*Robert L. Littlefield,* for appellees.