74077. MOORE v. FLORIDA ROCK & TANK LINES, INC.
(359 SE2d 356)

CARLEY, Judge.

Alleging fraud, appellee-plaintiff brought suit against appellant-defendant, seeking general and punitive damages, attorney's fees, and costs. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. The denial of appellant's motion for a directed verdict is enumerated as error. The evidence, taken in the light most favorable to the jury's verdict, would authorize the following findings: By virtue of agreement with Exxon U.S.A., Inc. (Exxon), appellant leased and operated a service station and purchased his gasoline from Exxon. Payment for the gasoline was to be made upon its delivery to appellant.

---

Appellant's usual payment practice was to present a check, payable to Exxon, to the driver who had delivered the gasoline.

Appellee is a common carrier engaged by Exxon to deliver gasoline to certain of its dealers. In April of 1983, appellant placed an order with Exxon for delivery of some 10,000 gallons of gasoline. Pursuant to that order, a driver employed by appellee delivered the gasoline to appellant's service station. Appellee's driver did not secure payment before he pumped the gasoline from his truck into appellant's storage tanks. When appellee's driver sought payment for the gasoline after completion of the pumping, appellant could not be located.

Because appellee's contract with Exxon required collection on delivery of gasoline to appellant and because appellant could not be located to make payment for the gasoline that had just been delivered, appellee's driver prepared to pump the gasoline back into his truck. At that point, appellant telephoned his service station and told appellee's driver "that he was tied up, that he'd bring a check in." Appellee's driver replied that he would "have to have the C.O.D." Appellant's response was that he would "call Exxon." Appellant did call Exxon and secured an Exxon employee's acquiescence in appellant's offer to make a future payment for the gasoline. After agreeing to appellant's offer, the Exxon employee telephoned the service station and instructed appellee's driver to allow the gasoline to remain in appellant's storage tanks and to return to the Exxon terminal without collecting for the delivery.

Appellant sold the gasoline, but he never paid Exxon for it. When appellant did not pay, appellee indemnified Exxon for the gasoline. But see *Southern R. Co. v. Kinchen & Co.*, 103 Ga. 186, 187 (4) (29 SE 816) (1897). After indemnifying Exxon, appellee filed this suit, alleging that it had been defrauded by appellant's false representation that he would pay for the gasoline.

In determining whether appellant's motion for directed verdict was erroneously denied, the following is applicable: "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]" *Martin Burks Chevrolet v. McMichen*, 136 Ga. App. 845, 847 (222 SE2d 633) (1975). The evidence in this case clearly authorized findings that appellant had made representations regarding his future payment for the gasoline, that he had no present intent to make the future payment and knew that his representations were false, and that he had made the false representations with a deceitful intent and

purpose. There is, however, no evidence that appellant made his false representations to appellee. The uncontradicted evidence is that appellant's false representations were directed to Exxon, not to appellee. As the result of appellant's false representations, Exxon was fraudulently induced into foregoing immediate payment for its gasoline.

It is true that, as the result of Exxon's reliance upon and inducement by appellant's false representations, appellee did not demand immediate payment from appellant and did ultimately bear the loss occasioned by appellant's failure to pay. There is, however, no evidence that, in so doing, appellee was acting in reliance upon appellant's false representations. The evidence is uncontroverted that Exxon did not act as a mere conduit in relaying appellant's misrepresentations for appellee's own independent assessment of whether it should put its reliance thereon. Compare *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983); *Young v. Hall*, 4 Ga. 95 (1848). Appellee's driver testified that he would not have left appellant's service station without either having retrieved the gasoline or having received payment therefor had it not been for the express direction of Exxon's employee to the contrary. Thus, in allowing appellant to retain the gasoline without paying for it, appellee was not acting in reliance upon any false representation made by appellant. Appellee was relying entirely upon the direction of Exxon's employee. Although that direction to appellee was itself induced by the reliance of Exxon's employee upon appellant's misrepresentation, we know of no authority which would permit a direct recovery in fraud by one who ultimately relies upon a third party's reliance upon a misrepresentation rather than upon the misrepresentation itself. "We do not dispute that a plaintiff may recover in fraud from a party with whom he has not dealt directly, but whose false and knowing representations have induced reliance and caused damage. [Cits.] However, the requirements of proof of fraud in such cases are the same as those in cases where the plaintiff dealt directly with the defendant, including proof of the element of reliance. [Cit.]" *Hubacher v. Volkswagen Central*, 164 Ga. App. 791, 793 (1) (298 SE2d 533) (1982). "[I]n order to sustain [a] cause of action for fraud the record must show that [the plaintiff] acted upon the misrepresentation of [the defendant]. [Cit.]" *Davis v. Northside Realty Assoc.*, 165 Ga. App. 96, 97 (2) (299 SE2d 186) (1983). "[R]epresentations which are not used as a basis for action will furnish no ground for complaint. [Cit.]" *North Peachtree &c. Properties v. Hicks*, 136 Ga. App. 426, 430 (3) (221 SE2d 607) (1975). "Representations which do not appear to have been heard, or to have been acted on by a party, can constitute no ground . . . of action for that party." *Janes v. Trustees of Mercer Univ.*, 17 Ga. 515 (3) (1855).

The evidence of record in this case shows that it was only Exxon

that actually heard appellant's false representation. Only Exxon acted upon that misrepresentation by agreeing to accept payment for its gasoline at a later date. Appellee only heard and acted upon Exxon's direction. Under this evidence, appellee may in fact have a subrogation claim against appellant based upon its indemnification of Exxon. It appears that this subrogation theory was submitted to the jury as an alternative basis for appellee's recovery. Appellee does not, however, have a viable fraud claim against appellant under the evidence. Insofar as it included an award of punitive damages, the jury's verdict was erroneously based upon this theory of recovery. Accordingly, the denial of appellant's motion for a directed verdict was error and was not harmless. The trial court committed reversible error in allowing the issue of appellee's recovery under a fraud theory to be submitted to the jury.

2. The remaining enumerations of error are moot by virtue of our holding in Division 1.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 15, 1987 —
REHEARING DENIED JULY 2, 1987 —

*Thomas E. Moran*, for appellant.
*James M. Poe, Debra L. Mixon*, for appellee.