## 44866. FLORIDA ROCK & TANK LINES, INC. v. MOORE.
### (365 SE2d 836)

WELTNER, Justice.

The Court of Appeals vacated a jury verdict for fraud and other relief, and we granted certiorari. *Moore v. Florida Rock & Tank Lines, Inc.,* 183 Ga. App. 520 (359 SE2d 356) (1987). The factual circumstances are set out in full in the Court of Appeals opinion, along with a good review of the principles of Georgia law relating to fraud.

Judge Carley, writing for the court, was of the opinion that an essential element of a cause of action for fraud was missing in Florida Rock's case, because its agent relied upon the instructions of its consignor, Exxon USA, Inc., rather than upon misrepresentations by Moore himself. That holding is the issue in this review.

1. The difficulty in the case, resulting in the reversal by the Court of Appeals, is the familiar precept that actionable fraud must be based upon a misrepresentation made *to* the defrauded party, and relied upon *by* the defrauded party. See *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633) (1975).[1] The present case does not fit neatly within that traditional element, as Moore's scheme succeeded in inducing *Exxon* to authorize the delivery of the gasoline without payment, and it was obviously on *this* authorization that Florida Rock's driver relied.[2]

---

[1] See also Restatement of Torts (2d) § 533. "The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and *the maker intends or has reason to expect that* its terms will be repeated or *its substance communicated to the other*, and that it will influence his conduct in the transaction or type of transaction involved." (Emphasis supplied.)

[2] Moore's agent had conveyed to Florida Rock's driver a similar promise by Moore, which the driver rejected.

2. There is no doubt that Moore's designs and deeds were fraudulent. "The evidence in this case clearly authorized findings that appellant had made representations regarding his future payment for the gasoline, that he had no present intent to make the future payment and knew that his representations were false, and that he had made the false representations with a deceitful intent and purpose. . . . As the result of appellant's false representations, Exxon was fraudulently induced into foregoing immediate payment for its gasoline." 183 Ga. App. at 521-2.[3]

3. After Moore's initial attempt to defraud Florida Rock failed, he tried again — this time by defrauding Exxon, with the expectation that, through Exxon, he might accomplish his original goal of defrauding Florida Rock. Hence, this is not a case of a person being held accountable for an act he never intended to commit, or becoming liable to another whom he never intended to defraud. On the contrary, Moore was the efficient cause of the instruction given by Exxon to Florida Rock's driver, on which the driver relied, and through which Florida Rock was defrauded.

4. We hold that the requirement of reliance is satisfied where (as in this case) A, having as his objective to defraud C, and knowing that C will rely upon B, fraudulently induces B to act in some manner on which C relies, and whereby A's purpose of defrauding C is accomplished.

5. As the evidence was plainly sufficient to support a finding of reliance as here defined, the verdict against Moore may stand.

*Judgment reversed. All the Justices concur, except Clarke, P. J., Gregory and Bell, JJ., who dissent.*

GREGORY, Justice, dissenting.

I respectfully dissent. In order for Florida Rock to recover against Moore on a theory of fraud, it needed to prove that Moore made a wilful misrepresentation of a material fact to it in order to induce Florida Rock to leave the gas at Moore's station, and that Florida Rock relied upon this misrepresentation to its detriment. OCGA § 51-6-2; *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983). There is, however, no evidence to show that Florida Rock relied on any false representations made by Moore. Rather, the evidence shows only that *Exxon* relied on Moore's false representation and that it directed Florida Rock to leave the gas at Moore's station. Under these facts I would affirm the Court of Appeals's holding that the trial court erred in denying Moore's motion for directed verdict on the issue of fraud.

---

[3] That fraud was compounded by the fact that Moore sold the gasoline in bulk, and then reported to the police that the gasoline had been stolen.

As I understand the facts in this case Moore defrauded Exxon but not Florida Rock. Florida Rock had no obligation to indemnify Exxon under the circumstance where Exxon authorized Florida Rock to leave the gasoline with Moore. Florida Rock voluntarily indemnified Exxon and could at most claim an assignment of the contract claim. The fraud claim cannot be assigned.

I am authorized to state that Justice Clarke and Justice Bell join in this dissent.

DECIDED MARCH 18, 1988 —
RECONSIDERATION DENIED MARCH 30, 1988.

*Drew, Eckl & Farnham, James M. Poe, Debra L. Mixon,* for appellant.
*Thomas R. Moran,* for appellee.