A91A1582. PAPPAS v. SOUTHEAST UNIVERSAL
DEVELOPMENT, INC.
(415 SE2d 190)

BIRDSONG, Presiding Judge.

Tina Pappas appeals from a judgment following a jury trial in favor of Southeast Universal Development, Inc. ("Southeast"), in Southeast's quantum meruit action to recover the value of certain improvements to Pappas' property. See OCGA § 9-2-7.

She contends that the trial court erred by denying her motion in limine and by overruling her objections to the admission of other evidence. She also contends that there was no evidence supporting the jury's verdict. *Held*:

1. Pappas' motion to disqualify Southeast's appellate counsel based upon her perceived conflict of interest is denied. The materials submitted by Pappas merely establish that Southeast's counsel represented a joint venture in which Pappas had an interest in matters unrelated to this litigation. She was never his client, and there was no conflict of interest.

2. Pappas contends the trial court should have excluded all evidence concerning the cost of Southeast's materials and workmanship because recovery under quantum meruit is limited to the value received by Pappas (see *Pembroke Steel Co. v. Technical Sales Assoc.*, 138 Ga. App. 744 (227 SE2d 491)), and therefore the trial court erred by denying her pretrial motion in limine. While Pappas correctly states the measure of damages, her argument is incorrect because Southeast's materials and workmanship are relevant to some extent to the value of the improvements made to Pappas' property. *Maloy v. Ewing*, 157 Ga. App. 95 (276 SE2d 145). Additionally, the record shows the evidence which Pappas sought to exclude was used by Southeast's expert witness in his testimony as part of the basis for establishing the value to Pappas of the repairs made to her property. Moreover, when this evidence was admitted, the trial court instructed the jury the evidence was relevant only to the extent it gave the jury a basis for the value of the improvements, but it was the jury's responsibility to determine the value of the improvements to Pappas. This limiting instruction was followed later by other instructions on the

proper measure of damages in this case. The cases cited by Pappas (see, e.g., *City of Gainesville v. Edwards*, 112 Ga. App. 672 (145 SE2d 715)) do not stand for the proposition that evidence of cost is never admissible in a quantum meruit case. Accordingly the trial court did not err by admitting this evidence, and Pappas' first and third enumerations of error are without merit.

3. Although Pappas argues that no evidence supported the jury's verdict, the record shows otherwise. The transcript shows Southeast's expert testified about the value of the improvements to the property and a real estate appraiser also testified about the value of the property before and after the repairs. The verdict was within the range of the values established in the testimony. Under the circumstances there was evidence to support the verdict, and as " '[valuation] of services rendered . . . is exclusively a matter for jury determination' " (*Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26, 29 (338 SE2d 496)), we are not authorized to substitute our judgment for that of the jury. "On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. *McLarty v. Kushner*, 173 Ga. App 432 (326 SE2d 777)." *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 730 (380 SE2d 282). Therefore, this enumeration of error is also without merit.

4. Although Pappas' final enumeration of error asserts that the trial court erred by admitting prejudicial evidence which was not relevant to the issues, her argument essentially restates the arguments supporting her first three enumerations of error and does not identify the evidence which she deems objectionable. Consequently, to the extent that this enumeration is not disposed of by our holdings in Divisions 1 and 2 above, it is deemed abandoned since merely restating the enumeration of error is not argument (*Summerfield v. Decinque*, 143 Ga. App. 351 (238 SE2d 712)) and Pappas makes no other specific argument, cites no authority relevant to this enumeration, and makes no reference to the transcript. Court of Appeals Rule 15 (c) (2); *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (316 SE2d 554).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 30, 1992.

*Cornelison & Associates, Rex P. Cornelison III, Stephen M. Levinson*, for appellant.

*Venema, Towery, Thompson & Chambliss, Adrian F. Lanser III*, for appellee.