A92A1684. HILL v. RODRIGUEZ et al.
(429 SE2d 682)

COOPER, Judge.

Appellant appeals from the judgment entered on a jury verdict.

In early 1984, Santos Rodriguez (hereinafter "Mr. Rodriguez") entered into a partnership agreement with appellant for the purpose of purchasing real estate for investment purposes. Under the agreement, Mr. Rodriguez was to locate the property, and appellant was to supply the funds needed to purchase and repair the property. Mr. Rodriguez was also to be responsible for procuring the rental or sale of the property. Appellant told Mr. Rodriguez that for tax purposes the property purchased by the partnership should be titled in the name of Mr. Rodriguez's wife. Appellant also told Mr. Rodriguez that

Mrs. Rodriguez should execute a promissory note and deed to secure debt in favor of appellant to limit appellant's liability and to protect appellant's heirs. Mr. Rodriguez communicated this to his wife, and Mrs. Rodriguez agreed to have title to any property purchased placed in her name to be held in trust for the partnership.

In April 1984 and August 1984, appellant and Mr. Rodriguez purchased two houses for $10,279 and $11,000, respectively. At each respective closing, Mrs. Rodriguez executed promissory notes for the houses in the amounts of $25,000 and $30,000. Both promissory notes contained a provision stating that the notes were due and payable within six months of the execution of the notes. Mr. and Mrs. Rodriguez contend that based on the reasons given by appellant regarding why the security documents were being executed, they understood that foreclosure proceedings would not be instituted against Mrs. Rodriguez. Over the next several years, Mr. Rodriguez supervised the repairs on the houses, found renters for the houses, collected rent on the houses and secured contracts from several persons to purchase the houses. However, according to Mr. Rodriguez, appellant thwarted each of the sales. In 1988, appellant demanded full payment of both promissory notes and subsequently instituted foreclosure proceedings without any prior discussion with Mr. or Mrs. Rodriguez.

Mr. and Mrs. Rodriguez, appellees herein, sued appellant for breach of contract and fraud, seeking actual and punitive damages. Specifically, appellees alleged that appellant misrepresented his intentions with respect to the promissory notes and deed to secure debt. The case proceeded to a jury trial, and the jury returned a verdict awarding Mrs. Rodriguez the sum of $13,797.80 and awarding Mr. Rodriguez the sum of $35,850.28.

1. In five enumerations of error, appellant contends that the trial court erred in denying his motions for directed verdict and judgment n.o.v. and in entering judgment in favor of Mrs. Rodriguez on her claim of fraud. Appellant argues that since he made no representations directly to Mrs. Rodriguez and had no contractual or fiduciary relationship with her, Mrs. Rodriguez had no claim for fraud against appellant. In *Florida Rock & Tank Lines v. Moore*, 258 Ga. 106 (365 SE2d 836) (1988), the Supreme Court of Georgia expanded the boundaries of evidence necessary to show justifiable reliance in a fraud action. In that case, the court held that "the requirement of reliance is satisfied where . . . A, having as his objective to defraud C, and knowing that C will rely upon B, fraudulently induces B to act in some manner on which C relies, and whereby A's purpose of defrauding C is accomplished." Id. at 107. " ' "The jury is the final arbiter of the facts and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict." [Cit.]' [Cit.]" *Rosequist v. Pratt*, 201 Ga. App. 45, 47 (4) (410

SE2d 316) (1991). There is evidence in the record from which the jury could have concluded that appellant, with the intent of defrauding both Mr. and Mrs. Rodriguez, made false representations to Mr. Rodriguez regarding his reasons for wanting the property titled in Mrs. Rodriguez's name and his reasons for having Mrs. Rodriguez execute promissory notes and deeds to secure debt. Further, the record supports the conclusion that appellant knew Mr. Rodriguez would convey the reasons to Mrs. Rodriguez and that Mrs. Rodriguez would rely on the representations made by appellant to her husband. There being evidence to support the jury's verdict as to Mrs. Rodriguez's claim, we find no merit to appellant's arguments.

Appellant also argues that there was insufficient evidence as to the amount of damages suffered by Mrs. Rodriguez. Mrs. Rodriguez sought actual and punitive damages for damage to her credit rating and her inability to obtain refinancing on her house due to the foreclosure. The jury's verdict, which awarded her damages of $13,797.80, did not distinguish between actual and punitive damages and provided as follows: "We . . . further request that information be provided to the credit bureau to reestablish [Mrs. Rodriguez's] credit in good standing. . . ." Mrs. Rodriguez testified that due to the foreclosure action instituted by appellant, she was denied a loan to refinance her house at a lower interest rate and was unable to refinance until such time as the interest rate was higher. She further testified that based on her calculations, she paid an additional $9,000 by not being able to refinance at the lower rate. It is clear from the jury's verdict that the jury believed Mrs. Rodriguez's credit rating had been damaged. Moreover, the verdict does not separate the actual damages from the punitive damages, and we find that there was sufficient evidence on which the jury based its award.

2. Appellant alleges in five enumerations of error that the trial court erred in denying his motions for directed verdict and judgment n.o.v. and in entering judgment in favor of Mr. Rodriguez. In the complaint against appellant, Mr. Rodriguez alleged both fraud and breach of fiduciary relationship. " 'Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence.' [Cit.]" *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263 (1) (270 SE2d 690) (1980). Our review of the record reflects ample evidence to support both claims made by Mr. Rodriguez against appellant. Consequently, we cannot disturb the verdict. See *Pappas v. Southeast &c. Dev.*, 202 Ga. App. 627 (3) (415 SE2d 190) (1992).

3. Appellant also argues that the trial court erred in charging the jury on consequential damages. Specifically, the portion of the charge objected to is the following: "Now . . . as to Mrs. Rodriguez's claim, Mrs. Rodriguez seeks damages for injury to her credit rating, and she

does this as she alleges or contends that the damage to her credit rating was a consequence to the [appellant's] alleged breach of contract and fraudulent aspects thereof." Appellant contends that the charge authorized the jury to find in favor of Mrs. Rodriguez if they found fraud as to Mr. Rodriguez. It is axiomatic that " ' " 'jury instructions must be read and considered as a whole in determining whether the charge contained error.' " ' [Cit.]" *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (3) (385 SE2d 746) (1989). The trial court instructed the jury that Mr. and Mrs. Rodriguez were alleging separate claims against appellant and that the jury would have to return a separate verdict as to each of the claims. The jury returned separate verdicts and each was supported by the evidence. Accordingly, even if we assume arguendo that the charge was confusing, we find that no harm resulted to appellant.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993 

*Bischoff & White, James A. White, Jr.*, for appellant.
*Murray Z. Kahn, Gary C. Harris*, for appellees.