WINDSOR & JOWERS, plaintiffs in error, v. PERRY H. OLIVER, defendant in error.

(Atlanta, January Term, 1871.)

SLANDER—CONCERNING BUSINESS DEALINGS—PLAINTIFF NOT ENGAGED IN BUSINESS—SPECIAL DAMAGE MUST BE ALLEGED AND PROVED.—An action for slander was brought by the plaintiffs, Windsor & Jowers, as merchants and partners, against the defendant, alleging that they were honest, reliable merchants, buying and selling goods, wares, and merchandise, and

making frequent purchases, by the wholesale and otherwise, from merchants in the city of New York, and having credit in said city, and that the defendant, on the 6th day of January, 1868, in the city of New York, wickedly intending to destroy the good name and credit of the plaintiffs, did speak, utter and publish the following false and scandalous words, to-wit: "They (meaning the plaintiffs) have sold out; they are not worth fifty cents on the dollar." There was no allegation in the declaration of any special damage resulting from the speaking of the words, to the plaintiffs. On the trial of the case in the Court below, the plaintiffs were sworn in their own favor, who stated that they had been merchandizing in the city of Americus; that in the month of August, 1867, they sold out stock in trade and store-house to the defendant, intending thereafter to buy goods and continue the business, which had not been done. The Court charged the jury, amongst other things: "If the partnership of Windsor & Jowers was actually dissolved—that is, if they had sold out their house and lot, and their stock of goods, and were not in trade at the time of the words spoken, it is incumbent on the plaintiffs to show and prove special damage before you can find a verdict in their favor. Any damage, such as precipitating law suits against them, and involving them in costs, if proven to have grown out of the words spoken, are special damages, such as to authorize a verdict. If special damage is proven, though small, the jury can increase the damages according to the aggravating circumstances of the transaction." The jury found a verdict for the plaintiffs for the sum of $4,000.00. The defendant made a motion for a new trial on several grounds, which was granted by the Court below, to which the plaintiffs excepted:

*Held.* That inasmuch as the plaintiffs were not engaged in trade at the time of the alleged speaking of the words, they were not entitled to recover without alleging in their declaration and proving on the trial special damages resulting from the speaking of the words by the defendant, *and as this was not an action brought by the plaintiffs for the recovery of any special damage sustained by them, the charge of the Court to the jury in relation to special damages, was error, and the new trial was properly granted by the Court below for that error, as well as others stated in the record.

Slander. New Trial. Before Judge Harrell. Sumter Superior Court. April Term, 1870.

Windsor & Jowers brought case against Oliver in March, 1868. They averred that on the 1st of January, 1868, they were merchants and partners, purchasing goods by wholesale and retail in New York and elsewhere, having good credit, and that Oliver, intending to destroy their good name and credit, said of them, at New York, in presence of various persons, "Jowers is in a difficulty with the government which will ruin him; they have sold out: they are not worth fifty cents in the dollar; they are broke," thereby meaning they could not pay their debts. In another count they averred that on the 15th of October, 1867, at New York, in presence of many merchants, with like intent, he said of them: "They are sold out; they are not worth more than fifty cents in the dollar; they are insolvent." The averments of damage were only that they were thereby damaged $10,000 00.

In January, 1869, Oliver, in proper person, pleaded not

guilty, that before the 15th of October, 1867, said firm had been dissolved, and, therefore, as a firm, had no right to recover in said suit.

When the cause was called for trial, counsel for Oliver asked for a postponement of the trial, upon the ground that Oliver had told them said cause was settled; that he was absent and they had not prepared for trial, because they supposed the cause was settled. The Court ordered the cause to proceed.

The first evidence offered was the answer of Mr. Bingley, of New York, to interrogatories which Oliver, in person, had crossed, and to which he had filed no exception, because of their leading, nor for any other reason. After they arrived in Court, Oliver's counsel, in writing, waived all objections *to the interrogatories, reserving only the right to object to "the evidence" for want of "competency or admissibility."

Bingley testified that in October, 1867, in New York, Oliver told him Windsor & Jowers had sold out to him, Oliver, just before he left home. and finding that Bingley held paper on Windsor & Jowers, Oliver offered him fifty cents on the dollar for it. From this Bingley supposed Windsor & Jowers were insolvent, and sent his paper to an attorney to arrange; he arranged it and sent him the money on the first note due in a few weeks after it was sent out. He said that before Oliver had spoken to him he would have sold Windsor & Jowers more goods on credit, if they had first paid up their last due paper; that country merchants are not considered broke simply because their paper is not met at maturity. These interrogatories were objected to because they were "illegal, irrelevant and leading." These objections were overruled and the testimony was read. Here plaintiffs' counsel amended the declaration by averring that in March, 1869, defendant repeated said words of the second count, in New York, to one Gardner, and others, with like intent, etc. Upon the filing of this amendment the defendant's counsel said they were surprised by said amendment, and if time were given could prove that defendant was not in New York in 1869, and did not speak those words in 1869. The Court refused the continuance.

Plaintiffs' counsel then tendered in evidence the answers of one Gardner, of New York, to certain interrogatories. He was asked "whether or not he had a conversation with defendant in regard to the solvency of plaintiffs," and if so, when and where; how said conversation came about, and to state "all he said, (if anything,) going to create the impression that plaintiffs were insolvent, had failed and were pecuniarily irresponsible." Before crossing these interrogatories defendant's attorneys objected to them, because they were leading, and they now urged that objection, and also objected that these answers were irrelevant.

Windsor & Jowers v. Oliver

The objection was overruled, and Gardner's testimony was *read to the jury. He testified that in March, 1869, Oliver, in New York, said to him that Windsor & Jowers had failed and were insolvent. Two witnesses then testified that Jowers had land and a store in Preston, Georgia, in 1867, and they supposed Windsor & Jowers then good. One said he supposed Jowers then worth $15000 00, upon the idea that said land was his own, but that he had never seen Jowers' title to the land. They testified that Windsor & Jowers sold out their stock and store in Americus, in January, 1867. Windsor then testified that his said firm sold out their said stock and store in August, 1867, to defendant for about $5,500 00, for which Oliver gave them his note at forty days. Said firm then owed about $5,000 00 in New York, and so told Oliver, and told him they were selling out in order to pay said indebtedness, and intended to buy goods and continue the business; that if Oliver could take up any of their firm paper they would credit the same on his notes. Oliver went to New York, bought up some of their paper, did not pay his notes to them, and therefore they could not pay the firm's debts. Oliver refused to allow the papers which he bought up to be credited on his notes, but transferred them to nominal plaintiffs, who sued the firm on them in the United States District Court, and obtained judgments thereon. He further testified that said firm did not recommence or continue said business after they sold out to Oliver, and never since were partners. On their books they had $5,000 00 or $6,000 00 of accounts when they sold out. Jowers testified substantially as Windsor did, and added that when they sold out he did own twenty-five hundred acres of land in Webster county, and an half interest in the stock of goods and house in Preston, Georgia.

Were the plaintiffs closed. Defendant's counsel offered no evidence, and moved for a non-suit because the words spoken were after plaintiffs had ceased to be partners. The motion was overruled. Sometime during the trial defendant's counsel said they would amend their pleadings by pleading justification, and the plea was considered as filed, though it was not actually filed. Some time after, during the trial said defendant's *counsel said they would withdraw their plea of justification. The Court replied that they might withdraw the plea but could not get rid of the effect of it. It seems that this was before the Court began to charge the jury. Seems, we say, because there is no recital of facts in the cause, but the same are taken from the motion for a new trial, which is not very definite as to the facts.

The Court charged the jury as follows: It is incumbent on the plaintiffs, ordinarily, to maintain the allegations made by them by satisfactory proof, but in this case the plea of justification admits the fact of the words spoken, and proof by plain-

tiffs is unnecessary. If plaintiffs were partners when the alleged words were spoken, and they were false, the jury should find for plaintiffs such damages as to them should seem just. If plaintiffs were partners in trade when said words were spoken, the law presumes damage and malice, unless the defendant shows the words were true, and plaintiffs need not prove special damage. Proof of express malice should always aggravate the enormity of the offense and induce an increase of damages by the jury. If the words were spoken and were true, no damages can be recovered. If plaintiffs had dissolved, i. e., had sold their stock and house, and were not in trade when the words were spoken, plaintiffs must prove special damage before they can have a verdict. Any damage, such as precipitating law suits against them and involving them in costs, if proven to have grown out of words spoken, are special damages, but lawsuits and costs not resulting from said words, would not authorize a recovery. If special damage is proved, though small, the jury may increase the damage according to the aggravating circumstances of the transaction. If the injury be small or the mitigating circumstances strong, nominal damages only should be given. Aggravating circumstances, either in the act or intention of the party who speaks the words, are grounds for an additional damage, and such damages as will deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of plaintiff.

The jury found for plaintiffs $4,000 00 and costs. Defendant's *counsel moved for a new trial, upon the grounds: 1st. That defendant was absent, etc., as shown by his affidavit therewith submitted. It stated that Oliver had been called to his plantation in Lee to quiet a disturbance between his overseer and employees, and was by this detained from Court till said cause was tried; that the cause was tried on the first day of the Court; that he felt that he could be absent the first day because many cases were on the docket which he supposed would have to be disposed of before any of his business could be reached; that he has a good defense which can only be shown by his own testimony; that he never spoke any such words in New York; that he bought said paper pursuant to arrangement; that plaintiffs transferred his paper and had him sued in the United States Court first, and then he did the same with theirs; that he was not in New York in 1869; because some time since he and plaintiffs agreed to settle all their litigation, and he supposed this case was included in the settlement; and that he remained away the first day of Court because he supposed the Court would try old cases ahead of his before calling his. 2d. Because the Court erred in not postponing the cause when his counsel stated that he had supposed the cause was settled, etc. 3d. In overruling said objections to the evidence of Bingley and Gardner. 4th. In

allowing parol evidence of suits against plaintiffs in the United States Court. 5th. In refusing the continuance asked for when said amendment was filed. 6th. In overruling the motion for a non-suit. 7th. In charging the jury as aforesaid. 8th. In holding and saying that defendant's counsel could not get rid of the effect of the plea of the justification by withdrawing it. 9th. In refusing to charge the jury as requested by defendant's counsel, "if plaintiffs consented for defendant to buy their paper, and defendants acted upon that authority, the plea of justification may be sustained without proof that the words spoken were true, and in declining to give section 2998 of the Code in charge, and saying, in the hearing of the jury, that he did so because there was no evidence upon the point. 10th and 11th. Because the verdict was contrary to the evidence, *excessive, etc. Jowers made an affidavit that at said settlement nothing was said about this case, and it was not settled, and stated certain facts to show that defendant ought not so to have understood. The Court granted a new trial, and of that complaint is made.

C. T. Goode; Lyon, DeGraffenreid & Irvin, for plaintiffs in error.

Hawkins & Burke; Fort & Hollis, for defendant, said the Court erred in not granting the non-suit: 1st. Hilliard on Torts, 290; 7th Wend. R., 204; 1st Stark on S., 104; Edwards v. Howell, Holt on Libel; 10th Iredell, 211; 3 Wils., 188; 2 Vent., 266; Cr. Eliz., 273; Cr. James, 222; 6th Bacon's Abridg. Libel and Slander.

WARNER, J.

From the statement of facts disclosed by the record in this case, there was no error in the Court below in granting the new trial: Code, section 2926.

Let the judgment of the Court below be affirmed.