## FORD *v.* LAMB.

A petition which alleges that the defendant falsely and maliciously said to a person with whom plaintiff was negotiating a trade that plaintiff "is no good; he will not pay for anything he gets," and thereby caused the trade to be broken off, the petition not alleging any special damage to plaintiff, sets forth no cause of action, and a demurrer thereto should be sustained.

Argued November 13,—Decided December 10, 1902.

Action for slander. Before Judge Reece. City court of Floyd county. April 1, 1902.

*Dean & Dean,* for plaintiff in error, cited Civil Code, § 3837; 41 *Ga.* 538; 50 *Ga.* 238; 96 *Ga.* 396; 13 Enc. Pl. & Pr. 38; 95 Tenn. 678; 6 Ky. (3 Bibb) 469; 8 N. H. 216; 32 Vt. 695; 91 U. S. 225; 100 Mass. 194; 3 N. H. 194; 47 Vt. 657; 60 Mo. 365; 64 Hun, 391.

*M. B. Eubanks* and *Fouché & Fouché,* contra, cited 93 *Ga.* 633; 86 *Ga.* 552 (*b*).

SIMMONS, C. J. An action for $3,000 for slander was brought by Lamb against Ford. The petition alleged that plaintiff and Bass were negotiating a trade, and that defendant gratuitously said to Bass, "Don't sell Lamb anything; he is no good; he will not pay for anything he gets;" that on account of these words Bass broke off the trade, "greatly to petitioner's worry and mortification." The petition further alleged that the words spoken were false and

malicious, and injured petitioner in the sum of $3,000. There was no allegation as to the character of the plaintiff's business, or that he had any business, office, or occupation at all. The defendant demurred to the petition, on the grounds that it set forth no cause of action, and that there were no special damages set forth. The demurrer was overruled, and the defendant excepted.

Under the Civil Code, § 3837, damages will be inferred from slanderous words, (1) imputing to another a crime punishable by law, (2) charging him with a contagious disorder or with some debasing act which may exclude him from society, or (3) making charges in reference to his trade, office, or profession, calculated to injure him therein. Where the slander consists in disparaging words productive of special damage flowing naturally therefrom, "the special damage is essential to support the action." The plaintiff did not rely on the code provision as to the three classes of slander in which damage will be inferred, but sought to put his case within the class last mentioned. The petition set out the disparaging words, but failed to allege any special damage flowing therefrom. True, plaintiff alleges that the words caused the negotiations between him and Bass to be broken off, but he does not allege any special damage resulting therefrom. In order to recover, plaintiff should have alleged special damage; as, for instance, that he would have realized a certain sum from the trade if it had not been broken off as a result of the slanderous words spoken by the defendant. No special damage was alleged, and the petition was therefore fatally defective. The judge erred in overruling the demurrer.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*