## 41467. SERVICE FIRE INSURANCE COMPANY OF N.Y. v. LEDBETTER.

HALL, Judge. To the plaintiff's action on an insurance contract the defendant filed a plea of accord and satisfaction and release. The trial of this plea resulted in a verdict and judgment for the plaintiff. The defendant assigns error on the judgment of the trial court overruling its motion for judgment notwithstanding the verdict and for a new trial.

The defendant relies upon the following document as a release: "Assignment and Direction to Pay Adjustment Proceeds. The undersigned hereby directs the insurer . . . to pay over to *Myself* the amount of *$2275.00* out of any adjustment proceeds which are or may become payable to the undersigned, and it is expressly understood that such payment(s) shall constitute payment(s) to the undersigned. In witness whereof, the undesigned has executed and sealed this instrument on [December 17, 1963]. X Mrs. Grady Ledbetter, Jr. (L.S.)." The plaintiff admitted that she signed this document. She testified and introduced other evidence to show that the defendant's representative told her when she signed it that she would receive $351.68 after her indebtedness to Universal C.I.T. Credit Corporation was paid. The evidence shows that the Universal C.I.T. Credit Corporation, to which the plaintiff was indebted on a conditional sale contract for her purchase of the automobile upon which she made the claim, received from the insurer a check for $2,275.00, and that this corporation issued a check to the plaintiff for $198.64. *Held:*

1. On the motion for judgment notwithstanding the verdict the issue is whether the evidence demanded a verdict that payment made by the defendant relieved it of all liability to the plaintiff. It is true that payment of the full amount of consideration in accordance with the terms of a contract of release extinguishes the releasor's cause of action. *Pennsylvania Cas. Co. v. Thompson,* 130 Ga. 766, 769 (61 SE 829). However, the payment shown by the evidence in this case did not fulfill the terms of the document upon which the defendant relies, and hence did not as a matter of law relieve the defendant of liability.

2. The plaintiff's mere retention of the check issued to her for $198.64, on January 6, 1964, until she filed suit on January 23, 1964, did not constitute an accord and satisfaction of her

claim. *Colfax Gin Co. v. Buckeye Cotton Oil Co.*, 24 Ga. App. 610, 611 (101 SE 697); Cf. *Baggett v. Chavous*, 107 Ga. App. 642 (131 SE2d 109).

3. The special grounds of the motion for new trial contend that the admission of evidence that the plaintiff had agreed to accept payment to her of $351.68 in settlement was error because it was contrary to the terms of the written agreement of release and sought to change it by parol evidence. Since the settlement provided by the written agreement was the payment of $2,275 to the plaintiff, the parol evidence objected to could not have been harmful to the defendant because it contradicted the written agreement, and the court did not err in overruling the defendant's objection to it.

The trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict and the general and special grounds of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

ARGUED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 22, 1965.

*Jean W. Pierce,* for plaintiff in error.
*Walton Hardin,* contra.