## 68930. BISHOP v. INTERNATIONAL PAPER COMPANY et al.

(325 SE2d 870)

CARLEY, Judge.

Appellant-plaintiff is an attorney. He was engaged to perform certain legal services for appellee-defendant International Paper Company (International). Subsequently, International discharged appellant and retained the legal services of other attorneys, who are the remaining appellee-defendants. A dispute arose concerning the amount of compensation that International owed appellant. This dispute resulted in International's filing an action against appellant in federal court. Appellant, in turn, filed an action against appellees in the Superior Court of Fulton County.

Thereafter, appellees mailed a proposed "Settlement Agreement and General Release" to appellant. Under the terms of the proposed agreement, appellant would receive the sum of $100,000 and the federal suit against him would be dismissed with prejudice, in consideration for which appellant would dismiss his state action with prejudice. Additionally, under the terms of the proposal, appellant would agree to release and forever discharge appellees "from any and all claims, demands, actions, causes of action, damages and suits at law and equity of whatsoever kind, arising in any way whatsoever, directly or indirectly, from the matters described in this 'Settlement Agreement and General Release,' the afore-described suits and litigation and all other claims of any kind whatsoever whether or not related to the aforesaid matters, suits and litigation, it being the intention of the parties that their rights be limited to the provisions of this agreement." The proposal also contained appellees' similar agreement to release and forever discharge appellant. Finally, the proposal contained a provision that the parties would "agree and covenant that the terms of this Agreement shall dispose of any and all obligations and rights which may be deemed to have existed in regard to the matters, claims, suits and litigation described herein and all other claims of any kind whatsoever whether or not related to the aforesaid matters, claims, suits and litigation that existed prior to the execution of this Agreement. . . ."

When the proposed "Settlement Agreement and General Release" was sent to appellant, it already bore the notarized signature of each of the appellees. The agreement indicated that each appellee had affixed his respective signature over a period of time encompassing the latter part of October 1982 and the early part of November 1982. Appellant signed the agreement on December 27, 1982. A check for $100,000, dated December 28, 1982, and made payable to appellant, was delivered. The face of this check provided that it was "[f]or settlement of all claims by [appellant] against [appellees] as detailed in Settlement Agreement and General Release signed by [appellant]

on December 27, 1982, and signed by other parties." Appellant negotiated the check. As provided in the agreement, the two pending lawsuits were then dismissed with prejudice.

However, in March of 1983, appellant instituted the instant lawsuit against appellees. The first six counts of appellant's instant complaint constituted the same allegations that had been made in the previous action that appellant had dismissed with prejudice. The seventh and final count was an allegation that appellant had been libeled. The alleged libel was contained in a letter dated December 8, 1982, addressed to four individuals and signed by one of the appellees. The subject of the letter was an affidavit that appellant had filed in the then-pending litigation between the parties, in which affidavit appellant had made certain assertions concerning the four individuals to whom the letter was addressed. The gist of the letter was to inform the four addressees that appellant's affidavit had put their actions "in issue" in the then-pending litigation, with the result that deposing them would be necessary. The alleged libel in the letter was the following sentence: "We of course reject any suggestion that the contents of [appellant's] scandalous affidavit even remotely relates to the truth."

Appellees answered appellant's complaint, raising by way of defense the previous settlement agreement and the dismissal of the previous litigation. Appellees' subsequent motion for summary judgment was granted and appellant appeals.

1. It is clear that summary judgment was properly granted as to the first six counts of appellant's complaint. Those counts merely realleged the same claims against appellees which were raised in the previous action that appellant dismissed with prejudice. A dismissal with prejudice "means that the same plaintiff cannot again sue [the] same defendant[s] on [the] same cause[s] of action." *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974). "A dismissal with prejudice *operates* as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause. [Cit.]" (Emphasis in original.) *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983); *Coleman v. State Farm Mut. Auto. Ins. Co.*, 104 Ga. App. 328 (121 SE2d 833) (1961).

Moreover, under the express and unambiguous terms of the "Settlement Agreement and General Release," appellees were to be released and discharged from any liability to appellant with regard to those six claims upon payment of $100,000 to appellant. It is undisputed that appellant executed the agreement and received the contemplated consideration. "[P]ayment of the full amount of consideration in accordance with the terms of a contract of release extinguishes the releasor's cause of action. [Cit.]" *Service Fire Ins. Co. v. Ledbetter*, 112 Ga. App. 333 (1) (145 SE2d 97) (1965).

The record also demonstrates that appellant has made no tender back to appellees of the $100,000 that he received as consideration under the agreement. For this additional reason, he is barred from reasserting the claims encompassed in the first six counts of his instant complaint. See *Mack v. Shearer*, 222 Ga. 33 (148 SE2d 314) (1966).

Accordingly, summary judgment was properly granted to appellees as to the first six counts of appellant's complaint. Appellant's arguments to the contrary are unavailing and warrant no further discussion.

2. The only issue remaining is whether the summary judgment was properly granted as to the libel count. In this regard, the record clearly demonstrates that the communication was privileged. "An attorney at law has a conditional privilege to make, during the progress of a trial, such fair comments on the circumstances of the case and the conduct of the parties in connection therewith as in his judgment seem proper." *Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714 (5) (51 SE 756) (1905). The record demonstrates that, pursuant to the holding of *Sherwood v. Boshears*, 157 Ga. App. 542 (278 SE2d 124) (1981), summary judgment was properly granted as to the libel count.

Moreover, it is clear that this purported libel claim arose, directly or indirectly, from the then-pending litigation and that it was in existence at the time appellant executed the agreement. Accordingly, the libel claim was encompassed under the clear and unambiguous terms of the release agreement. " 'A release may be avoided where the releasor can show that it was executed by mutual mistake . . . *unless* it further appears that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished.' [Cit.]" (Emphasis supplied.) *Kennedy v. Bateman*, 217 Ga. 458, 461 (123 SE2d 656) (1961). The parties to the agreement in the instant case "clearly anticipated that other injuries might show up later when they recited in the release that the [appellees] were being released and forever discharged 'from all . . . suits . . . claims and demands whatsoever . . .' " arising from the underlying litigation (*James v. Tarpley*, 209 Ga. 421, 423 (73 SE2d 188) (1952)), and that the agreement would "dispose of any and all obligations and rights which may be deemed to have existed in regard to" the litigation, as well as "all other claims of any kind whatsoever whether or not related to the . . . litigation that existed prior to the execution of" the agreement. Accordingly, the purported libel claim was covered by the all-inclusive settlement and release agreement. As to the seventh count of appellant's complaint, summary judgment was properly granted to appellees.

3. It is our opinion that the instant appeal is frivolous. Under Rule 26 (b) of this court, we are now authorized, with or without mo-

tion, to impose a penalty, not to exceed $500, against the appellant who brings a frivolous appeal from a non-money judgment. Rule 26 (b) became effective July 1, 1984. Appellees have not invoked Rule 26 (b). We will not engage in a discussion of whether Rule 26 (b) is authority for the imposition of a penalty on our own motion in the instant appeal, which was docketed in this court prior to July 1, 1984 but which was prosecuted thereafter. We will simply hold that if Rule 26 (b) constitutes such authority, we decline to exercise it here. However, the bar should be apprised of the existence of Rule 26 (b) and of our opinion that the instant appeal is such as would come within its ambit.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 10, 1984 — 

*Winford K. Bishop,* pro se.
*Jeffrey M. Smith, Thomas B. Metzloff,* for appellees.