### 77156. McCOLLUM v. DOE et al.
#### (379 SE2d 233)

BENHAM, Judge.

After she was involved in an automobile collision with an unknown motorist in June 1985, appellant filed suit against the alleged tortfeasor, John Doe, and had her uninsured motorist carrier, appellee Atlas Mutual Insurance Company (Atlas), served with a duplicate original. See OCGA § 33-7-11 (d). Atlas filed an answer in its own name. See OCGA § 33-7-11 (d). The case proceeded to trial, where the trial court granted appellee's motion for directed verdict. Appellant maintains on appeal that the directed verdict in favor of her UMC was inappropriate.

1. Appellant testified that the automobile collision at issue occurred on June 21, 1985, at the intersection of Highways 138 and 42. During his cross-examination of appellant, counsel for Atlas introduced into evidence a release executed by appellant in favor of Atlas. In consideration of the payment of $829 by Atlas, appellant "fully release[d] and forever discharge[d] . . . Atlas . . . from any and all claims and causes of action which [appellant] now [has] or may have against said company under the [uninsured motorist] endorsement attached to [appellant's] Policy . . . resulting from an accident which occurred on the 21 day of June 1985, at Hwy. 138 and Hwy. 42, Stockbridge, Georgia." Appellant admitted that she read the release and executed it in late July 1985 in the presence of her attorney, who notarized her signature. She also admitted that she had received the money from Atlas. She testified that she believed that the $829 covered only her property damage, but admitted that the release nowhere stated it was limited to property damage.

Under the express and unambiguous terms of the release, Atlas was to be released and discharged from any liability to appellant with regard to uninsured motorist claims arising from the June 21, 1985, automobile collision, upon payment of $829 to appellant. It is undis-

puted that appellant executed the release and received the consideration. " '(P)ayment of the full amount of consideration in accordance with the terms of a contract of release extinguishes the releasor's cause of action. [Cit.]' " *Bishop v. Intl. Paper Co.*, 173 Ga. App. 34 (1) (325 SE2d 870) (1984). There was no evidence of artifice or fraud in the procurement of the release, and appellant was not entitled to rely upon the adjustor's representations, if any. *Henry v. Anderson*, 164 Ga. App. 110 (2) (296 SE2d 410) (1982). The trial court did not err in directing a verdict.

2. The defense of release is an affirmative defense (OCGA § 9-11-8 (c)) that is subject to waiver if not set forth in a responsive pleading. *Phillips v. State Farm &c. Ins. Co.*, 121 Ga. App. 342 (2) (173 SE2d 723) (1970). Atlas did not set forth release as an affirmative defense in its answer. However, OCGA § 9-11-15 (b) "operates as an exception to the rule that defenses not pleaded are waived. The fact that a defense, even an affirmative defense, has not been formally pleaded is immaterial if the issue was tried by express or implied consent . . . In effect, therefore, the parties may . . . by the introduction of evidence without objection, amend the pleadings at will. Implied consent usually is found where . . . evidence is introduced without objection . . . [I]ssues tried by . . . implied consent *shall* be treated as if raised by the pleadings. [Cit.]" *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978). The defense of release was raised by the unobjected-to evidence offered during trial, so it was properly considered by the trial court. See *Brown v. Commercial Credit &c. Corp.*, 172 Ga. App. 568 (3) (323 SE2d 822) (1984).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1989.

*Scott Walters, Jr.*, for appellant.
*Tash J. Van Dora, Jennifer L. Houser*, for appellees.