## 77639. MILLER, STEVENSON & STEINICHEN, INC. v. FAYETTE COUNTY et al.

(380 SE2d 73)

POPE, Judge.

Plaintiff Miller, Stevenson & Steinichen, Inc., is an engineering firm which entered into a written agreement with defendant Fayette County in 1976 for consulting services in regard to county water system improvements. In 1980, plaintiff entered into a separate agreement for engineering services for a particular water reservoir project known as the Lake McIntosh project. The county subsequently became dissatisfied with plaintiff's services and members of the county commission called a meeting with two of plaintiff's corporate officers to discuss the termination of the two agreements. The following day, on September 3, 1981, representatives of the plaintiff and defendant county met again, engaged in negotiations and ultimately executed release agreements for each of the two contracts. Pursuant to one release, plaintiff was paid $202,151.22 in satisfaction of all claims against the county under the Lake McIntosh project agreement. Pursuant to the other release, plaintiff was paid $2,800 in satisfaction of all claims under the consulting service agreement. Both releases recite that the two officers who executed the agreement on behalf of the plaintiff read the release in its entirety and executed the release "freely and voluntarily without the interference, duress or coercion of anyone whomsoever . . . ."

On August 10, 1982, almost one year after the releases were executed, plaintiff filed suit against the county and other defendants. Plaintiff's sole claim against defendant county is that the county breached the Lake McIntosh contract. Plaintiff alleges in the complaint that the release executed in regard to the Lake McIntosh contract was not made freely or voluntarily but was the product of duress by the county. The trial court granted the county's motion for summary judgment and, although plaintiff's claims against the other defendants remain, final judgment was entered in favor of defendant county. Plaintiff appeals.

1. Plaintiff does not contend that the terms of the Lake McIntosh contract were not fully executed. Therefore, the release, if valid, would act as an accord and satisfaction of the contract. The controlling issue on appeal is whether the evidence creates an issue whereby the jury could find the release to be void because, as plaintiff alleges, it was entered into under duress.

Duress is defined as "imprisonment, threats, or other acts, by which the free will of the party is restrained. . . ." OCGA § 13-5-6. The only act by which plaintiff alleges it was restrained is that defendant county took advantage of plaintiff's financial distress to insist that plaintiff accept payment of the compromise settlement. Plaintiff

claims that representatives of the county conveyed the message, directly or indirectly, that payment due under the contract would not be paid unless plaintiff agreed to the settlement. Because of plaintiff's financial condition, plaintiff's officers found it necessary to agree to the settlement rather than pursue plaintiff's legal rights under the contract.

"While we are not unsympathetic to [plaintiff's] difficult bargaining position, we cannot say that [defendant's] conduct or threats were such to induce [plaintiff] to act contrary to [its] free will or to coerce [plaintiff] 'to pursue a different course from that which [its] own judgment at that time dictated as the best for [its] own interests.' *Candler v. Byfield*, 160 Ga. 732, 738 (129 SE 57) (1925). One may 'not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.' 17 CJS 944, § 168." (Indention omitted.) *Tidwell v. Critz*, 248 Ga. 201, 204 (282 SE2d 104) (1981). See also *Woods v. Wright*, 163 Ga. App. 124 (292 SE2d 545) (1982). The evidence contained in the record creates no issue of fact as to whether the release is voidable but shows, as a matter of law, that the executed release constitutes an accord and satisfaction of the Lake McIntosh contract. Thus, summary judgment was properly granted to defendant county. See *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563 (1) (327 SE2d 540) (1985).

2. We reject plaintiff's argument that summary judgment should be reversed because the court failed to consider two depositions which, plaintiff claims, were not filed until after the date summary judgment was granted. First, we note conflicting evidence in the record as to whether the two depositions in question were filed before or after summary judgment was granted. Even if the depositions were unavailable for the court's consideration, plaintiff has failed to show that this additional evidence raises a genuine issue of material fact. Absent such a showing, any error in failing to consider the evidence is harmless. See *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730 (3) (279 SE2d 442) (1981); *Murphy v. First Nat. Bank.*, 182 Ga. App. 788 (5) (357 SE2d 266) (1987).

3. Because we find summary judgment was properly granted, it is not necessary for us to address plaintiff's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 1, 1989 —
REHEARING DENIED MARCH 15, 1989 — 

*Thomas J. McHugh, Jr.*, for appellant.

*M. Scott Barksdale, Pat Fox*, for appellees.