lee.

## A92A1828. BAILEY v. HORACE MANN INSURANCE COMPANY.
### (428 SE2d 604)

McMURRAY, Presiding Judge.

Don E. Bailey filed, pro se, an action against Horace Mann Insurance Company ("Horace Mann"), alleging Horace Mann fraudulently coerced him into settling a claim for uninsured motorist benefits under an automobile liability insurance policy issued by Horace Mann. Horace Mann denied the material allegations of the complaint and filed a motion for summary judgment and the affidavit of Laura Barrett, a Horace Mann claims adjuster. Barrett identified a release executed by Bailey and deposed that the release "should be a bar to the pending action." The release provides that, in consideration of $2,000, Bailey settled "any and all claims [Bailey has] or might have under any contract or policy of insurance written by Horace Mann Insurance Company, which does or might apply to provide [Bailey] benefits accruing . . . as a consequence of [an automobile] accident [which occurred on September 20, 1986]." In opposition, Bailey filed a response stating, in pertinent part, that he was unduly coerced into settling the claim because of "physical and mental duress brought on by Defendant Horace Mann Insurance [sic] refusal to pay benefits, wearyiness [sic] of filing lawsuits against [Horace Mann], and compelling compromising offers to settle for $500, pressure to pay medical bills by doctors, and [Horace Mann] telling me [the] contract was being drawn up for settlement under P.I.P coverage. . . ."

The trial court granted Horace Mann's motion for summary judgment. This appeal followed. *Held*:

"The controlling issue on appeal is whether the evidence creates an issue whereby the jury could find the release to be void because, as [Bailey] alleges, it was entered into under duress. [In this vein, we recognize that d]uress is defined as 'imprisonment, threats, or other acts, by which the free will of a party is restrained. . . .' OCGA § 13-5-6." *Miller, Stevenson & Steinichen, Inc. v. Fayette County*, 190 Ga. App. 777 (1) (380 SE2d 73). In the case sub judice, Bailey's allegations of coercion are insufficient, as a matter of law, to raise a jury question as to whether the release is voidable. See *Miller, Stevenson & Steinichen, Inc. v. Fayette County*, 190 Ga. App. 777 (1), supra, and cases cited therein. The executed release constitutes an accord and satisfaction of Bailey's claim against Horace Mann. *McCollum v. Doe*, 190 Ga. App. 444 (1), 445 (379 SE2d 233). Consequently, the trial court did not err in granting Horace Mann's motion for summary

judgment.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 8, 1993 —

Don E. Bailey, *pro se.*

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Arnold Wright, Jr.,* for appellee.