A08A0878. WALKER v. WALKER et al.
(668 SE2d 330)

ANDREWS, Judge.

Appearing pro se, Nathan Walker appeals the Dougherty County trial court's grant of a motion to dismiss his tort complaint against his ex-wife, Courtney Walker, her attorney, William H. Gregory, and a psychologist, Lora Davis, arguing that venue was proper, that his complaint stated a cause of action against the defendants, and that fees were improperly assessed against him. We hold that venue lies against all three defendants in Dougherty County, and that although some counts of Walker's complaint were properly dismissed, others were not. We therefore affirm in part, reverse in part, and vacate the fee award pending further proceedings.

As the Supreme Court of Georgia recently affirmed,

> a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and punctuation omitted.) *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008). "In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor." Id. As this Court held immediately after the passage of the Civil Practice Act in 1968, a plaintiff's complaint "need only state a claim, and does not have to allege facts sufficient to set forth a cause of action." *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924) (1968).

So viewed, the record shows that Walker filed a pro se complaint against Courtney Walker, Gregory, and Davis, as well as a court reporter and the superior court judge who had recently ruled against him in a Lee County custody and visitation dispute for torts including fraud, intentional infliction of emotional distress, invasion of privacy, malicious prosecution, and defamation. After each of the five defendants answered and/or moved to dismiss, Walker dropped his claims against the court reporter and the judge but did not amend his complaint.

At the hearing on the motions to dismiss, defendant Gregory argued numerous grounds for dismissal, including failure to plead or show venue, failure to state a claim, and improper collateral attack

YALE LAW LIBRARY

on the pending visitation matter. Gregory also stated that he had spent 20 hours on the matter at a rate of $250 an hour. After joining and elaborating upon Gregory's arguments in favor of the motions to dismiss, counsel for Davis gave her fees as 12.5 hours at $250 an hour. Counsel for Courtney Walker also argued the motions, and later submitted an affidavit for fees and expenses in the amount of $2,063.82. The trial court granted the motions to dismiss with prejudice on the grounds of failure to plead or show venue and failure to state a claim. The trial court also granted $5,000 in fees to Gregory, $3,000 to Davis, and $2,000 to Courtney Walker. This appeal followed.

1. Under the Georgia Constitution, civil cases "shall be tried in the county where the defendant resides." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. But suits against joint tortfeasors "residing in different counties may be tried in either county." Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. "Under such circumstances, the provision of the Constitution . . . to the effect that a defendant is entitled to be sued in the county of his residence, does not apply." *Jones v. Chandler*, 88 Ga. App. 103, 105 (76 SE2d 237) (1953).

> It is not essential that the joint tortfeasors owed the same duty or should be guilty of the same act of negligence. It is sufficient if each owed a separate and distinct duty to the person injured, provided only that the separate acts of negligence concurred in proximately causing the injury. *Lansky v. Goldstein*, 136 Ga. App. 607, 608 (222 SE2d 62) (1975).

*Brooks v. Douglas*, 154 Ga. App. 54, 56 (1) (267 SE2d 495) (1980), rev'd on other grounds, *Deere & Co. v. Brooks*, 250 Ga. 517 (299 SE2d 704) (1983).

Construed favorably to Walker, his complaint includes allegations that all three remaining defendants knowingly made false statements about him to third parties, and that these statements, apart and together, resulted in injury to his person and reputation. It is true that Walker's complaint failed to plead facts establishing venue in Dougherty County, and his response to the motions to dismiss admitted that he had chosen to file the action there because the custody case was still pending in Lee County, where he felt he had been treated unfairly. Gregory conceded at the hearing on the motion to dismiss, however, that venue was proper as to him in Dougherty County. It follows that the record before the trial court at the hearing on the motion to dismiss established venue against all three defendants for purposes of that motion. *Lansky*, 136 Ga. App. at 608 (2) (trial court did not err in denying motion to dismiss

because co-defendants "may be sued together in the county in which any one resides," the court having "acquired jurisdiction over the nonresident defendants").

2. Walker's complaint asserted what we take to be five causes of action against each of the three remaining defendants: (a) fraud, (b) intentional infliction of emotional distress, (c) invasion of privacy, (d) malicious prosecution, and (e) defamation. We address the viability of each of these claims in turn.

(a) To recover in tort for fraud, a plaintiff must prove five essential elements:

> (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; [and] (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

(Citation omitted.) *Martin Burks Chevrolet v. McMichen*, 136 Ga. App. 845, 847 (222 SE2d 633) (1975); see also Restatement of Torts (Second) § 533; *Fla. Rock & Tank Lines v. Moore*, 258 Ga. 106, 107 (4) (365 SE2d 836) (1988) (reliance requirement is satisfied where A fraudulently induces B "to act in some manner on which C relies, and whereby A's purpose of defrauding C is accomplished").

Although Walker's fraud claim alleges that the defendants made "false material misrepresentations" to Walker's son "and others," he alleges only that *these others*, and not himself, relied on these misrepresentations, and that they did so to *their own* detriment. Because Walker's pleading shows on its face that he himself was not harmed by the defendants' alleged fraud, this claim must fail. See OCGA § 9-11-9 (b) (allegations of fraud "shall be stated with particularity"); *Majeed v. Randall*, 279 Ga. App. 679, 681-682 (3) (632 SE2d 413) (2006) (pro se complaint for fraud was properly dismissed where plaintiff failed to plead necessary factual allegations with particularity).

(b) In order to recover for intentional infliction of emotional distress, a plaintiff must prove four essential elements: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must be severe." (Punctuation omitted.) *Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1) (428 SE2d 91) (1993); see also Restatement of Torts (Second) § 46. Walker's complaint asserted that the defendants' intentional conduct was extreme and outrageous and that it caused him severe emotional distress. The claim

was thus properly pled as to its essential elements. See *Love v. Morehouse College*, 287 Ga. App. 743, 746 (652 SE2d 624) (2007) (reversing trial court's grant of motion to dismiss claims including intentional infliction of emotional distress; "measuring the basis of those claims at this early stage of the proceedings is premature").

(c) Walker also asserts two invasion of privacy claims: (i) that his wife "informed [him] that she ha[d] removed [his] name . . . from the pickup list at [their son's] school without any cause" and that this deletion of his name from that list put him in a false light; and (ii) that the defendants publicly disclosed private facts in the course of making false accusations against him to third parties.

(i) In order to make out a claim for invasion of privacy by publicity placing one in a false light in the public eye, the false publicity must "depict[ ] the plaintiff as something or someone which he is not." *Brown v. Capricorn Records*, 136 Ga. App. 818, 819 (1) (222 SE2d 618) (1975). Walker's complaint does not detail how the removal of his name from the list of persons authorized to pick up his son was made public nor how such an act could have the result of casting him in a false light. Nonetheless, construed in Walker's favor, this count of his complaint alleges that his wife intentionally removed his name from a public list without authority to do so, and it is imaginable, if unlikely, that Walker could introduce evidence within this framework showing that this unauthorized and public disclosure cast him in a false light as an unfit parent. The trial court thus erred when it denied this claim. See *Scouten*, 283 Ga. at 73 (1) (all doubts concerning a pleading must be resolved in the pleading party's favor).

(ii) In order to make out a claim for the public disclosure of private facts,

(a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; [and] (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.

*Napper v. Ga. Television Co.*, 257 Ga. 156, 161 (c) (356 SE2d 640) (1987). Construed in Walker's favor, his complaint is also sufficient on this count because it alleges the defendants' objectionable disclosure of private facts to the public. The trial court thus erred when it dismissed this claim.

(d) Although Walker has brought a count of malicious prosecution against the defendants, he has neither alleged nor shown that any criminal prosecution has been commenced against him. See

*Wal-Mart Stores v. Blackford*, 264 Ga. 612, 613 (449 SE2d 293) (1994) (elements of tort of malicious prosecution include "prosecution for a criminal offense"). The trial court did not err when it dismissed this claim.

(e) Under OCGA § 51-5-4 (a), slander or oral defamation consists of

> (1) Imputing to another a crime punishable by law; (2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) Uttering any disparaging words productive of special damage which flows naturally therefrom.

The first two types of defamation are not raised by the complaint before us.[1] Because defamation concerning trade, office, or occupation is defamation per se, "damage is inferred," OCGA § 51-5-4 (b), and the plaintiff need not plead or prove special damages. See *Stalvey v. Atlanta Business Chronicle*, 202 Ga. App. 597, 600 (1) (414 SE2d 898) (1992) (reversing trial court's grant of summary judgment when libelous statements tended to injure plaintiff's reputation as a property manager). As OCGA § 51-5-4 (b) also specifies, however, "special damage is essential to support an action" for subsection (a) (4)'s "disparaging words" defamation. See *Ford v. Lamb*, 116 Ga. 655, 656 (42 SE 998) (1902). "If merely fraud, dishonesty, immorality, or vice be imputed, no action lies without proof of special damages." (Citation and punctuation omitted.) *McGee v. Gast*, 257 Ga. App. 882, 883 (2) (572 SE2d 398) (2002). We therefore consider whether the complaint before us either pleads defamation concerning Walker's trade, office, or occupation or sets out a claim for special damages.

One paragraph of the complaint describes Walker's business ventures before asserting that the defendants inflicted "injury to his reputation," but all of the statements of which he complains concern the underlying custody dispute, with none of them implicating his "trade, office, or occupation." Other parts of the complaint allege "loss of peace of mind, emotional distress, pain, suffering and anguish, [and] loss of sleep" and the like leading to "interference with [Walker's] relationship[s] with his friends and acquaintances" without mentioning other damages. Thus Walker has pled neither a

---

[1] Although Walker included a count alleging unspecified "statutory violations" and "illegal acts," he later withdrew these allegations.

defamatory statement "in reference to his trade, office, or profession" under OCGA § 51-5-4 (a) (3) nor special damages under OCGA § 51-5-4 (a) (4). The trial court did not err when it dismissed this count of the complaint. See, e.g., *McGee*, 257 Ga. App. at 883-885 (2), (3) (affirming grant of summary judgment where plaintiff failed to prove either slander per se or special damages arising from statements concerning his unfitness as assistant scoutmaster).

3. It remains for us to consider whether Walker's claims against the three remaining defendants fail because (a) those claims improperly broach the subject matter of the Lee County custody dispute or (b) one or more of the defendants is shielded from Walker's claims by a privilege.

(a) Although the defendants' alleged acts occurred in the course of the custody and visitation dispute between some of the same parties (Walker and his ex-wife), the claims alleged make up a different subject matter from that pre-existing dispute. See *Lawson v. Watkins*, 261 Ga. 147, 148-149 (1) (401 SE2d 719) (1991) (trial court properly denied motion to dismiss where subject matter of two suits was not identical). Even if Walker could have joined some of the claims before us in the pre-existing custody dispute, "our law does not require that [a plaintiff] assert every separate claim for relief that he may have against the defendant in one single lawsuit or risk losing the claim for relief forever." Id. at 149 (2); see also OCGA § 9-11-18 (providing for permissive joinder of claims).

> Instead, our law requires that such a plaintiff must bring every claim for relief he has *concerning the same subject matter* in one lawsuit. He may join several claims for relief arising out of different subject matters in one lawsuit but he is not required to do so and will not be penalized for making a strategic decision to the contrary.

Id. at 149-150 (2). Here, Walker's complaint cannot be dismissed because, although it has facts in common with the custody dispute, its legal subject matter — the defendants' allegedly tortious conduct in the course of that dispute — is not the same.

(b) (i) Davis argued below that all of the actions of which Walker complains, and especially the assessment of Walker she sent to the Lee County trial court, were undertaken in the course of her court-ordered involvement in the custody matter. The record shows, however, that in the course of granting Davis's motion to quash a subpoena Walker attempted to serve on her, the trial court relieved her of responding to any of Walker's discovery, which sought to explore issues including her issuance of the assessment. Because other relevant portions of the record remain entirely undeveloped on

these matters, we cannot say that Walker could not possibly introduce evidence within the framework of the complaint — such as that Davis was not acting within the scope of her court-sanctioned function in the custody dispute when she wrote or sent the assessment — sufficient to warrant a grant of relief. See *Scouten*, 283 Ga. at 73 (2).

(ii) Gregory also argued below that all of the complaint's allegations against him involved his actions in the context of the custody dispute, including statements in pleadings. Again, we disagree.

" 'An attorney at law has a conditional privilege to make, during the progress of a trial, such fair comments on the circumstances of the case and the conduct of the parties in connection therewith as in his judgment seem proper.' " *Bishop v. Intl. Paper Co.*, 173 Ga. App. 34, 36 (2) (325 SE2d 870) (1984), quoting *Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714 (5) (51 SE 756) (1905); see also OCGA § 51-5-7 (7) (extending privilege to "[c]omments of counsel, *fairly made*, on the circumstances of a case in which he or she is involved and on the conduct of the parties in connection therewith") (emphasis supplied).

Nearly all of Walker's allegations against Gregory object to the latter's conduct in the Lee County custody dispute, including his means of notifying Walker that his visitation rights had been suspended, his statements in court, and his out-of-court communications with Walker's attorney. To the extent that these acts were either consistent with the Lee County trial court's directives or amounted to "fairly made" comments on the case, Gregory may well be able to introduce evidence of privilege sufficient to prevail on summary judgment. See *Bishop*, 173 Ga. App. at 36 (2) (affirming summary judgment to defendant attorney on libel claim). The complaint also alleges, however, that the attorney "accused [Walker of] lying about his mental health" and "spread negative information" about Walker, thereby "lowering [his] image" in the community. Once again, it is conceivable that Walker could introduce evidence to show that some of these acts were not privileged and were tortious.

4. It follows from all we have said above that the trial court erred when it held that Walker's complaint was frivolous on its face. Although the defendants requested fees, the trial court assessed them without citing OCGA § 9-15-14 or making the necessary findings, including that the fees were reasonable. See *Robinson v. Williams*, 280 Ga. 877, 880 (3) (635 SE2d 120) (2006) (trial court must make findings in support of fee award under OCGA § 9-15-14); *Interfinancial Midtown v. Choate Constr. Co.*, 284 Ga. App. 747, 752-753 (3) (b) (644 SE2d 281) (2007) (trial court erred in awarding

fees when it failed to cite OCGA § 9-15-14 and held only that fee award would "fairly compensate" one party for expenses arising from meritless motion). We therefore vacate the trial court's award of fees pending the results of further proceedings consistent with this opinion. See *Interfinancial Midtown*, 284 Ga. App. at 752-753 (3) (b) (vacating fee award).

*Judgment affirmed in part, reversed in part and vacated in part, and case remanded. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 8, 2008.

Nathan R. Walker, *pro se*.

*Vansant & Corriere, John M. Vansant, Jr., Langley & Lee, William H. Gregory II, McCall, Williams, Wilmot & Powell, Alex J. Kaplan*, for appellees.