[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14030
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00145-CAP


TINA PEAY,

Plaintiff - Appellant,

versus

MORTGAGE ELECTRONIC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MERSCORP,
WELLS FARGO, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tina Peay appeals the district court's denial of her motion to vacate the dismissal of her case for failure to state a claim upon which relief can be granted. After careful review, we affirm.

Peay's complaint alleges the following relevant facts. In 2008, Peay obtained, through Utah Financial, Inc., a mortgage on her home. The security deed authorized Mortgage Electronic Registration Systems, Inc., (MERS) to act as a nominee for Utah Financial and Utah Financial's successors and assigns. In February 2010, MERS assigned its interest in the Security Deed to Wells Fargo, N.A. (Wells Fargo). At some point, Peay became delinquent on her mortgage payments and, in January 2011, Wells Fargo began the foreclosure process.

In December 2011, Peay sued MERS;[1] Merscorp, MERS's parent company; and Wells Fargo (together, the Defendants), asserting various state law claims premised on the argument that Wells Fargo lacked the authority to foreclose on her home. The Defendants thereafter filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted Peay leave to amend her complaint, which she did twice before the Defendants again moved to dismiss. Peay did not timely respond to that motion, and the district court dismissed the case. Peay then moved to vacate the dismissal. The district court responded with an order permitting Peay to address the merits of the Defendants' motion to

---

[1] Although Mortgage Electronic and MERS appear to be two separate entities on the caption, Peay's first amendment to her complaint alleges that they are, in fact, the same entity.

2

dismiss.  After her submission, the district court denied Peay's motion to vacate, reasoning that her complaint and its amendments failed to state a claim.  This is Peay's appeal.

Peay contends that the district court erred in denying her motion to vacate because her complaint as amended states claims for wrongful foreclosure and fraud under Georgia law.  We review a district court's disposition of a motion to vacate for an abuse of discretion.  *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). We review legal conclusions, like the sufficiency of a complaint in the face of a motion to dismiss, *de novo*.  *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270 (11th Cir. 2009).  In doing so, "we must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 649 (11th Cir. 2012) (internal quotation marks omitted).  To survive a motion to dismiss, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  To meet this standard, the complaint must "allow[] the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state a claim for wrongful foreclosure in Georgia, Peay must allege facts from which a court can plausibly infer "a legal duty owed to [her] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury [she] sustained, and damages." *Racette v. Bank of Am., N.A.*, 733 S.E.2d 457, 462 (Ga. Ct. App. 2012) (internal quotation marks omitted). Peay points to only one paragraph of the first amendment to her complaint to argue that she has sufficiently alleged an injury causally related to the Defendants' actions. In that paragraph, she merely alleges that she was "a person who was injured by reason of any violation of [Georgia law]." This "formulaic recitation" of the injury element is fatal to Peay's wrongful-foreclosure claim. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Hence, the district court did not err in failing to vacate the dismissal of her claim for wrongful foreclosure.[2]

---

[2] The parties debate whether Peay's allegation that Wells Fargo did not hold the note at the time it foreclosed states a claim for relief under Georgia law. The United States District Court for the Northern District of Georgia recently certified this question to the Georgia Supreme Court. *See You v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-202-JEC-AJB, 2012 WL 3904363 (N.D. Ga. Sept. 7, 2012). The Georgia Supreme Court has not yet answered the question. Nevertheless, we need not address it today because Peay has not adequately pleaded injury.

Peay also contends that her complaint sufficiently states a claim for fraud. To state a claim for fraud under Georgia law, Peay is required to allege facts from which a court could plausibly conclude that: (1) the Defendants made representations; (2) they knew at the time were false; (3) with the intention and purpose of harming Peay; (4) Peay relied on the representations; and (5) she suffered damages as the proximate result of the representations. *See Walker v. Walker*, 668 S.E.2d 330, 334 (Ga. Ct. App. 2008). To establish that she suffered damages, Peay relies on the same conclusory allegation we found insufficient to state a claim for wrongful foreclosure. Because she points to nothing in the complaint or its amendments apart from a single conclusory allegation that she was injured by the Defendants' conduct, Peay has not pleaded facts adequate to plausibly state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

For the foregoing reasons, the district court's denial of Peay's motion to vacate is

**AFFIRMED.**